KUTSCHER et al. v. ROACH et al.

No. 15267.

Court of Civil Appeals of Texas.
Fort Worth.
Sept. 28, 1951.

Storey, Sanders, Sherrill & Armstrong, and Hugh L. Steger, all of Dallas, for appellants.

A. L. Crouch, Fort Worth, for appellees.

HALL, Chief Justice.

Appellees, Sam N. Roach, Frank H. Roach and wife, Lois J. Roach, sued appellants, J. E. Kutscher, Robert J. Sabinske, and Harry V. Dulick, all residents of Dallas County, Texas, in the district court of Tarrant County. Appellees have filed no brief.

This appeal is from an order overruling appellants' plea of privilege.

The allegations of appellees are that they were induced to sign a contract for deed on two lots situated in Tarrant County by false representations of appellants' agent, Joe Smalky; they prayed for rescission of the contract, and that they be repaid $140 as actual damages, which was the amount of their payments on the contract, together with $3,000 exemplary damages.

Appellees' controverting affidavit to appellants' plea of privilege sets out exception to exclusive venue in the county of appellants' residence as provided by Article 1995, subdivisions 5, 7 and 14, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 5, 7, 14.

It is alleged in appellees' controverting affidavit that they received a letter advertising lots in Saddle Hills Addition to Tarrant County and went to appellants' real estate office at 7112 Bankhead Highway in Fort Worth; that appellants' agent, Joe Smalky, made certain representations to them about two lots in an attempt to persuade them to sign a written contract; that such representations were false and their signatures were procured fraudulently.

The false representations alleged and testified to by appellees which were made to them by appellants' agent are: That the lots had been approved for FHA loans; that arrangements had been completed for the extension of City gas, water, light and sewer facilities to these lots upon three days' notice by purchasers, and that arrangements had been completed for the construction of adequate roads to these lots within a period of sixty days.

Appellants' main contention is that the evidence is insufficient to maintain venue in Tarrant County. We overrule this contention. The contract calls for performance by appellants in Tarrant County. One of the appellees testified he had called upon appellants through their agent and left word at their office that he was ready to build on his lot and would like for them to extend the above utilities to

where they would be available to his lots; that they had failed to do so and therefore he desired to have the contract rescinded and the purchase price repaid to them.

While the testimony that would justify a finding of exemplary damages is negligible, yet we feel that it is sufficient to maintain venue in Tarrant County under subdivision 7 of Article 1995.

Judgment of the trial court is affirmed.